862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jay STRUVE, Plaintiff-Appellant,
v.
Matthew MITRIONE; S.S. Kresge; Robert B. Fine; William R.
Wilson; Richard Pollitt; Davis Ruark; Sam Vincent;
Steven Cox; Don E. Richardson; Sheldon Siedel; D. William
Simpson; Robert Eaton; Hanna Systems; Robert Joseph
Cochran; A. James Smith; Bob I. Freundlich; George G.
Strott, Jr.; Henry J. Hanna, III; Unknown Police
Commissioner, Salisbury, Maryland; George Noonan, and other
unknown Salisbury City Officers, Defendants-Appellees.
 No. 88-2044.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1988.
Decided: Nov. 17, 1988.
 
 Jay Struve, appellant pro se.
 Barry Bach, Mykel Hitselberger (Smith, Somerville & Case), Michael Lawrence Marshall (Schlachman, Potler, Belsky & Weiner, PA), Walter Clarence Anderson (Richardson & Anderson), John Vanderwoude (Ecceleston & Seidler), for appellees.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jay Struve appeals the entry of summary judgment in favor of defendants on his complaint brought under 42 U.S.C. Secs. 1983 and 1985. Appellees have moved to dismiss the appeal as untimely. We deny the motion to dismiss and affirm the judgment of the district court.
 
 
 2
 By order entered January 15, 1988, the district court adopted the magistrate's recommendation that judgment be entered for the named defendants but that Struve be given 20 days to name as defendants those allegedly responsible for a denial of medical treatment alluded to in the complaint. Struve did not amend his complaint; he noted this appeal on February 16. On February 17, the district court entered its final judgment order.
 
 
 3
 Although an order dismissing a complaint with leave to amend generally is not final, such an order may be considered final where amendment is precluded or the plaintiff has demonstrated his intention to stand on his original complaint. See 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3914, at 538-39 (1976). Struve's failure to amend his complaint within the 20 days allotted and his noting of this appeal clearly demonstrated his election to stand on his original complaint, an election which made the January 15 decision final. Although the district court did not formally enter judgment in compliance with Fed.R.Civ.P. 58 until the day after Struve noted this appeal, under Fed.R.App.P. 4(a)(2), an appeal noted after announcement of decision but before entry of judgment is treated as filed after such entry and on the day thereof. We accordingly find that we have jurisdiction over the appeal.
 
 
 4
 Having reviewed the record and briefs, we find no merit to Struve's challenge of the district court's decision. We therefore affirm on the reasoning of the magistrate as adopted by the district court. Struve v. Mitrione, C/A No. 86-1620 (D.Md. Feb. 16, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.